Kaitlin Verdura #025802
Verdura Law Group PLLC
PO Box 45345
Phoenix, AZ 85064
(602) 421-0515 phone
(877) 257-8895 fax
*e-mail: kv@verduralaw.com*

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>     vs.<br><br>Jose Antonio Placsencia,<br><br>          Defendant. | Case No. CR-23-1489-1-KML<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>**(Assigned to the Honorable Judge Krissa M. Lanham)** |

Mr. Placsencia submits the following sentencing recommendation pursuant to 18 U.S.C. §3553 and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007), *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586 (2007), and *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007). Mr. Placsencia respectfully that this Court consider a term probation, which represents a significant adjustment from the advisory guideline range but is warranted in this case for the reasons outlined below. If this request is not feasible, in the alternative, Mr. Placsencia requests a sentence of no more than twelve months and one day in the Bureau of Prisons followed by a term of supervised release.

The parties have stipulated that Mr. Placsencia's sentence shall not exceed the low end of the applicable guideline range. However, in light of the significant mitigating factors – including the extreme duress and physical violence he suffered at

the hands of a cartel, his deep commitment to his family, and his exemplary conduct while on pretrial release – Mr. Placsencia moves for a downward variance to a sentence below the stipulated cap. Mr. Placsencia accepts responsibility for his conduct and does not minimize the seriousness of the offense. However, the nature and circumstances of this case, when considered alongside the history and characteristics of Mr. Placsencia, support a finding that a variance is sufficient, but not greater than necessary, to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).

Circumstances Surrounding Mr. Placsencia's Involvement:

To begin, Mr. Placsencia's involvement began inadvertently when he crossed into Mexico with a firearm and sold it to avoid returning with it. This minor lapse led to aggressive demands from individuals he later discovered were affiliated with a cartel. (PSR ¶28.) When Mr. Placsencia attempted to stop his involvement, he was subjected to brutal retaliation. In October 2020, cartel associates shot him twice in the leg and sent him photos of his mother and sister as a direct threat to their lives. (PSR ¶91.) The trauma of being shot required him to undergo reconstructive surgery on his tibia and left him bedridden for months. (PSR ¶92.) His subsequent actions, including involving his mother in the purchases, were born out of a desperate need to protect his family from further violence.

While Mr. Placsencia does not formally object to the 3-level role enhancement under U.S.S.G. § 3B1.1(b), he maintains that his "managerial" actions were not the result of criminal ambition, but rather a direct byproduct of the extreme duress and physical violence he endured. (PSR ¶58.) His role was not one of independent authority, but of coerced compliance, which significantly mitigates the moral culpability typically associated with this enhancement.

2

Personal Circumstances:

Mr. Placsencia is a 38-year-old U.S. citizen with a strong educational background, holding a Bachelor's degree. (PSR ⁋98.) His life is defined by his roles as a father and a provider. Mr. Placsencia has three children. He maintains daily contact with his eldest daughter, Makayla, a college student, whom he helps support financially. He is also the father of a 10-year-old son, Jayden, who is permanently disabled and bedridden following a tragic accident. (PSR ⁋85.) Mr. Placsencia shares a special bond with Jayden and has been deeply impacted by his son's condition. He also provides for his young, 1-year-old son with his current fiancée.

Since his arrest, Mr. Placsencia has completely complied with all pretrial release conditions. He has maintained full-time employment and has built a stable, healthy life with his fiancée, Carmen Aguilar, in San Diego. Moreover, Ms. Placsencia has been promoted four times since accepting a management position at Harley Davison in San Diego, demonstrating his strong work ethic, interpersonal skills and desire to help support his family. In addition, Mr. Placsencia regularly volunteers to help military veterans and their children within his community.

In summary, Mr. Placsencia is not a career criminal; he is a man who was targeted by a violent organization and acted out of a misplaced but desperate attempt to safeguard his loved ones. Mr. Placsencia has maintained that his involvement in the instant offense was not motivated by financial gain but by the extreme pressure and threats directed at his family. Given his successful rehabilitation during pretrial supervision, which has lasted for more than two years without any violations, his critical role in his children's lives, and the unique circumstances of duress surrounding the offense, a sentence below the guideline range is sufficient, but not greater than necessary, to serve the goals of justice. Specifically, Mr. Placsencia requests a term of probation, or alternatively, a sentence of no greater than twelve months and one day in the Bureau of Prisons followed by supervised release.

Respectfully submitted: March 8, 2026.

VERDURA LAW GROUP PLLC

*s/Kaitlin S. Verdura*
Kaitlin S. Verdura
Attorney for Defendant

Copy of the foregoing transmitted
by ECF for filing March 8, 2026, to:

Clerk's Office
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

Jaqueline Schesnol
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
By: *s/Kaitlin S. Verdura*

4